UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CAROL BETH LITKOUHI,

Plaintiff,

Judge Susan K. DeClercq
Magistrate Judge David R. Grand

v

No. 26-10552

ROCHESTER COMMUNITY SCHOOL DISTRICT, MICHELLE BUELTEL, JULIE ALSPACH, JAYSON BLAKE, and BARB ANNESS,

Defendants.
______________________________________/

DEREK A. WILCOX (P66177)
PATRICK J. WRIGHT (P54052)
MACKINAC CENTER LEGAL FOUNDATION
*Attorneys for Plaintiff*
140 West Main Street
Midland, MI 48640
(989) 631-0900
wilcox@mackinac.org

KENNETH B. CHAPIE (P66148)
LINDSAY P. HAZEN (P85861)
GIARMARCO, MULLINS & HORTON, P.C.
*Attorneys for Defendants*
101 W. Big Beaver Road, 10th Floor
Troy, MI 48084-5280
(248) 457-7048
kchapie@gmhlaw.com
lhazen@gmhlaw.com

# DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS

## TABLE OF CONTENTS


INDEX OF AUTHORITIES ........ ii

COUNTERSTATEMENT OF ISSUES PRESENTED ........ iv

INTRODUCTION ........ 1

STANDARD OF REVIEW ........ 2

I. Plaintiff Analyzes the Wrong Body of Law: Bylaw 1001 Governs the Official Conduct of Board Members, Not the Speech of Citizens. ........ 3

II. Bylaw 1001 Is Not Substantially Overbroad. ........ 4

a. *Overbreadth Is "Strong Medicine" That Does Not Run to Internal Codes Governing Public Servants.* ........ 4

b. *Plaintiff Has Not Carried — and Cannot Carry — Her Burden of Demonstrating Substantial Overbreadth Relative to the Bylaw's Plainly Legitimate Sweep.* ........ 6

II. Bylaw 1001 Is Not Unconstitutionally Vague. ........ 8

a. *A Civil, Sanction-Free Ethics Norm Receives the Most Forgiving Vagueness Review.* ........ 8

b. *Plaintiff Had Fair Notice — Indeed, Actual Notice — and Her Conduct Falls at the Provision's Core.* ........ 9

c. *There Is No "Unfettered Enforcement Discretion" Where the Only Enforcer Is a Majority of Elected Peers Acting in Public.* ........ 10

IV. Plaintiff's Public-Policy and Ultra Vires Arguments Fail for the Reasons Stated in Defendants' Motion ........ 11

CONCLUSION ........ 12

CERTIFICATE OF ELECTRONIC SERVICE ........ 13

# INDEX OF AUTHORITIES

**Cases**

*Aquilina v. Wrigglesworth*, 298 F. Supp. 3d 1110 (W.D. Mich.), *aff'd sub nom. Aquilina v. Wriggelsworth*, 759 F. App'x 340 (6th Cir. 2018) .......... 10

*Broadrick v. Oklahoma*, 413 U.S. 601 (1973) .......... 4, 5, 7

*Brown v. Louisville-Jefferson Cnty. Metro Gov't*, 135 F.4th 1022 (6th Cir. 2025) .......... 2

*Carey v. Wolnitzek*, 614 F.3d 189 (6th Cir. 2010) .......... 6

*Colten v. Kentucky*, 407 U.S. 104 (1972) .......... 9

*Dobronski v. Transamerica Life Ins. Co.*, 347 Mich. App. 92 (2023) .......... 11

*Fowler v. Bd. of Educ. of Lincoln Cnty.*, 819 F.2d 657 (6th Cir. 1987) .......... 9

*Grayned v. City of Rockford*, 408 U.S. 104 (1972) .......... 8

*Houston Community College System v. Wilson*, 595 U.S. 468 (2022) .......... passim

*Knotts v. City of Cuyahoga Falls*, No. 5:25-cv-01120, 2026 WL 878936 (N.D. Ohio Mar. 31, 2026) .......... 6

*Kolender v. Lawson*, 461 U.S. 352 (1984) .......... 8, 10

*Kutchinski v. Freeland Community School District*, 69 F.4th 350 (6th Cir. 2023) .......... 9

*Members of City Council v. Taxpayers for Vincent*, 466 U.S. 789 (1984) .......... 5

*Minnesota State Board for Community Colleges v. Knight*, 465 U.S. 271 (1984) .......... 3

*Nevada Commission on Ethics v. Carrigan*, 564 U.S. 117 (2011) .......... 1, 3

*New York v. Ferber*, 458 U.S. 747 (1982) .......... 7

*Novak v. City of Parma*, 932 F.3d 421 (6th Cir. 2019) .......... 4

*Speet v. Schuette*, 726 F.3d 867 (6th Cir. 2013) .......... 6

*Twp. of Plymouth v. Hancock*, 236 Mich. App. 197 (1999) ........ 10

*U.S. Civil Serv. Comm'n v. Nat'l Ass'n of Letter Carriers*, 413 U.S. 548 (1973) ........ 5, 8

*Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489 (1982) ........ 8, 9, 10

*Virginia v. Hicks*, 539 U.S. 113 (2003) ........ 5, 6

**Statutes**

20 U.S.C. § 1232g ........ 7

MCL 15.243 ........ 7

MCL 15.267(2) ........ 7, 11

MCL 15.268 ........ 7, 11

MCL 380.11a ........ 11, 12

MCL 691.1407(1) ........ 11

## COUNTERSTATEMENT OF ISSUES PRESENTED

**Issue One**: Is Plaintiff entitled to judgment on the pleadings on her facial challenges to Bylaw 1001, where her motion analyzes the bylaw under authorities governing state regulation of citizens' speech, and never addresses the Supreme Court's decisions governing a deliberative body's internal regulation of its own members' official conduct? **NO.**

**Issue Two**: Is Bylaw 1001 substantially overbroad, where it binds only seven Board members in the conduct of their office, contains express carve-outs for authorized and legally required disclosure, and is enforceable only through the Board's own protected counter-speech? **NO.**

**Issue Three**: Is Bylaw 1001 unconstitutionally vague, where it imposes no penalty beyond censure, Plaintiff's own pleaded conduct falls at its core, and enforcement lies exclusively with a majority vote of elected peers at a public meeting? **NO.**

## INTRODUCTION

Plaintiff's motion spends thirty-one pages arguing that a government may not license, censor, or discriminate against the speech of its citizens. Defendants agree. But that is not this case, and the tell is what Plaintiff's motion does not cite: *Houston Community College System v. Wilson*, 595 U.S. 468 (2022) — the Supreme Court's unanimous decision on a board's discipline of its own elected member — and *Nevada Commission on Ethics v. Carrigan*, 564 U.S. 117 (2011) — its unanimous decision on ethics rules governing how officials exercise the powers of office. Every authority Plaintiff invokes involves the government regulating outsiders: pamphleteers (*Lovell*), sign-posters (*Reed*; *Vincent*), students and citizen commenters (*Rosenberger*; *Ison*), or employees terminated for their speech (*Pickering*). None involves what this case involves: a code of ethics adopted by a seven-member elected board to govern its own members' handling of nonpublic information, enforceable by nothing more coercive than the body's own censure — which is itself speech the First Amendment protects. *Wilson*, 595 U.S. at 479.

The framework error infects every argument in the motion. Strict scrutiny, prior-restraint doctrine, and the overbreadth and vagueness doctrines all measure what government may do to the governed. Bylaw 1001 does nothing to the governed. It binds seven officeholders, in their official capacity, with respect to information they receive only because they hold office; it permits disclosure with Board authorization or where required by law; it pledges members to "encourage and respect the free expression of opinion" by colleagues; and its sole sanction is disapproval by a majority of the

member's own elected peers. (ECF No. 16-2, PageID.248–249). Under the authorities Plaintiff ignores, that is ordinary self-governance of a deliberative body — the kind practiced "since the founding," *Wilson*, 595 U.S. at 474–77, and committed to the political process rather than the courts. Defendants incorporate their Motion for Judgment on the Pleadings (ECF No. 16), which explains why every count of the Complaint fails as a matter of law. To avoid burdening the Court with repetition, this response cross-references that brief where an argument is fully developed there and concentrates on what Plaintiff's motion adds — chiefly, her facial overbreadth and vagueness theories.

## STANDARD OF REVIEW

Plaintiff moves as the claimant. On her Rule 12(c) motion, the posture reverses: all well-pleaded allegations of *Defendants'* Answer are taken as true, all of Plaintiff's allegations that Defendants have denied are disregarded, and judgment may enter for Plaintiff "only if [she] is nevertheless clearly entitled to judgment" as a matter of law. *Brown v. Louisville-Jefferson Cnty. Metro Gov't*, 135 F.4th 1022, 1030 (6th Cir. 2025) (citation modified). Defendants' Answer denies, among other things, Plaintiff's characterizations of the briefing materials as nonconfidential and her account of the bylaw's meaning and operation. (ECF No. 4). Because Plaintiff's facial theories fail as a matter of law on any version of the pleadings, the Court need not linger on those disputes — but they independently preclude judgment in Plaintiff's favor.

## I. Plaintiff Analyzes the Wrong Body of Law: Bylaw 1001 Governs the Official Conduct of Board Members, Not the Speech of Citizens.

As Defendants' opening brief demonstrates (ECF No. 16, PageID.235–240), the First Amendment does not treat a deliberative body's internal-governance rules as restraints on private speech. A legislator's official power "is not personal to the legislator but belongs to the people; the legislator has no personal right to it." *Carrigan*, 564 U.S. at 125–26. Rules about how members handle information received in their official capacity regulate the office, not the citizen. And where — as here — the only consequence of a violation is censure by one's peers, the "sanction" is itself protected expression concerning "the public conduct of another elected representative." *Wilson*, 595 U.S. at 479. The Supreme Court's decision in *Minnesota State Board for Community Colleges v. Knight*, 465 U.S. 271 (1984) — which Plaintiff cites but does not grapple with — confirms that government may structure its own internal channels of official communication without offending the First Amendment: restricting who participates in official policymaking exchanges "in no way restrain[s]" anyone's freedom "to speak" as a citizen. *Id.* at 288.

Plaintiff's strict-scrutiny and viewpoint-discrimination arguments fail for the same reason. Forum doctrine and content-neutrality analysis allocate the government's power over *others'* expression; they have never been applied to invalidate a deliberative body's ethics code for its own members. Even for ordinary public employees — who stand in a more protected position than an official exercising the powers of office —

the standard is *Pickering* balancing, not strict scrutiny. (See ECF No. 16, PageID.235–236).

And Plaintiff's prior-restraint theory fails on the face of this record for the reasons stated in Defendants' opening brief: the doctrine addresses licensing schemes and speech-forbidding orders, and no license, order, or sanction stood between Plaintiff and her op-ed — she published it. (ECF No. 16, PageID.236–237). The Sixth Circuit's cases are explicit: a prior restraint is an administrative or judicial order forbidding protected speech in advance of the time it is to occur — action taken after speech, such as a punishment for disfavored expression, "is not a prior restraint." *Novak v. City of Parma*, 932 F.3d 421, 432 (6th Cir. 2019). Bylaw 1001 carries no enforcement mechanism beyond censure, and the censure came after Plaintiff spoke.

## II. Bylaw 1001 Is Not Substantially Overbroad.

### *a. Overbreadth Is "Strong Medicine" That Does Not Run to Internal Codes Governing Public Servants.*

Defendants' opening brief sets out the governing standards: overbreadth is "strong medicine," available only on a demonstration that a rule prohibits a substantial amount of protected speech judged in relation to its plainly legitimate sweep. (ECF No. 16, PageID.239–240). *Broadrick v. Oklahoma*, 413 U.S. 601 (1973), is instructive on facts Plaintiff's motion never confronts and highlights why her facial theory fails. The *Broadrick* Court refused to facially invalidate a state statute restricting the political activities of the government's own personnel, holding that where a regulation addresses

the conduct of public servants rather than "pure speech" of the citizenry, "the overbreadth of a statute must not only be real, but substantial as well, judged in relation to the statute's plainly legitimate sweep." *Id.* at 615–18. *Broadrick*'s companion case upheld the Hatch Act against overbreadth and vagueness challenges on the same reasoning. *U.S. Civil Serv. Comm'n v. Nat'l Ass'n of Letter Carriers*, 413 U.S. 548, 579–81 (1973). The doctrine's "concern with chilling protected speech attenuates" further still where the challenged rule is not enforced through criminal or civil sanction at all. See *Virginia v. Hicks*, 539 U.S. 113, 118–19, 124 (2003) (challenger "bears the burden of demonstrating, from the text of the law and from actual fact," substantial overbreadth) (citation modified).

Bylaw 1001 sits at the far end of that spectrum. It addresses seven public officers, not the public; it governs official conduct — the handling of documents and information received through office — not pure speech; and its only enforcement mechanism is the Board's own resolution of disapproval, which is itself constitutionally protected expression. *Wilson*, 595 U.S. at 479. A rule that cannot result in a fine, a prosecution, a firing, or the loss of any privilege of office does not present the "realistic danger" of chilled third-party speech that overbreadth doctrine exists to prevent. *Members of City Council v. Taxpayers for Vincent*, 466 U.S. 789, 800–01 (1984) ("the mere fact that one can conceive of some impermissible applications of a statute is not sufficient to render it susceptible to an overbreadth challenge").

### *b. Plaintiff Has Not Carried — and Cannot Carry — Her Burden of Demonstrating Substantial Overbreadth Relative to the Bylaw's Plainly Legitimate Sweep.*

Even on its own terms, Plaintiff's showing consists of a single rhetorical move: the "universe of information that has not been previously shared by the board is near infinite." (ECF No. 15, PageID.196). That is argument from the imagination, not the demonstration "from the text of the law and from actual fact" that precedent requires. *Hicks*, 539 U.S. at 122; *Speet v. Schuette*, 726 F.3d 867, 873 (6th Cir. 2013). The required showing is substantial: the rule must prohibit "a substantial amount of protected speech both in an absolute sense and relative to [its] plainly legitimate sweep." *Knotts v. City of Cuyahoga Falls*, No. 5:25-cv-01120, 2026 WL 878936, at *4 (N.D. Ohio Mar. 31, 2026) (quoting *Carey v. Wolnitzek*, 614 F.3d 189, 208 (6th Cir. 2010)). Plaintiff's motion attempts neither showing. Plaintiff identifies not one actual instance — involving any of the seven members over the bylaw's two-plus years of operation — in which the provision was applied, or realistically could be applied, to protected citizen speech. The only application she identifies is her own censure, and that is an as-applied dispute that fails for the reasons stated in Defendants' motion: her disclosure of a confidential briefing obtained through office was not protected citizen speech, and the censure it drew was not an adverse action.

Measured against the provision's "plainly legitimate sweep," the imbalance is dispositive. School boards lawfully handle a vast body of information that the law itself makes confidential: student records under the Family Educational Rights and Privacy

Act, 20 U.S.C. § 1232g; records exempt from disclosure under the Freedom of Information Act ("FOIA"), MCL 15.243; closed-session matters shielded by the Open Meetings Act, MCL 15.267(2), 15.268; and privileged communications with counsel. Asking members to honor those confidences is the heart of the bylaw — and it is conduct State law affirmatively demands. The complete bylaw narrows the sweep further: members may share undisclosed information with "the prior authorization of the Board or as may be required by law," and every member pledges to "encourage and respect the free expression of opinion by my fellow Board members." (ECF No. 16-2, PageID.248–249). Members remain free to speak as citizens on any matter the District has made public — as Plaintiff's own uninterrupted record of motions, dissents, and public comment confirms. (ECF No. 16-3; see ECF No. 16, PageID.217–218).[1] Whatever marginal applications Plaintiff can hypothesize are addressable case-by-case, as the Supreme Court instructs. *New York v. Ferber*, 458 U.S. 747, 773–74 (1982); *Broadrick*, 413 U.S. at 615–16.

[1] Plaintiff's contention that "board members can only communicate what has been approved by the board" is incorrect. (ECF No. 15, PageID.192). The bylaw does not require approval of information by a majority of board members or board members whatsoever. Rather, it differentiates between information that "has not already been shared by the District." (ECF No. 16-2, PageID.249).

## III. Bylaw 1001 Is Not Unconstitutionally Vague.

### *a. A Civil, Sanction-Free Ethics Norm Receives the Most Forgiving Vagueness Review.*

The vagueness doctrine is calibrated to consequences. The Supreme Court has "expressed greater tolerance of enactments with civil rather than criminal penalties because the consequences of imprecision are qualitatively less severe." *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 498–99 (1982). Plaintiff's principal authorities — *Kolender v. Lawson*, 461 U.S. 352 (1984) (criminal stop-and-identify statute enforced by police) and *Grayned v. City of Rockford*, 408 U.S. 104 (1972) (criminal anti-noise ordinance) — sit at the top of that scale. Bylaw 1001 sits at the bottom: it is a code-of-ethics pledge, violation of which exposes a member to no fine, no prosecution, no removal, and no loss of any privilege of office — only to the possibility that a majority of her elected peers will publicly disagree with her. The Hatch Act — which did carry real sanctions — survived a vagueness challenge because public servants' conduct codes need not be drafted with penal precision. *Letter Carriers*, 413 U.S. at 578–79. And as Defendants' opening brief collects, perfect clarity has never been required even of rules that restrict expressive activity — much less of an ethics pledge enforced only by peer disapproval. (ECF No. 16, PageID.237–238).

The Sixth Circuit's school cases apply the same rationale. A school policy is unconstitutionally vague only if it "fails to inform ordinary people what conduct is prohibited" or "allows for arbitrary and discriminatory enforcement," *Kutchinski v.*

*Freeland Community School District*, 69 F.4th 350, 361 (6th Cir. 2023) — a test rooted in "a rough idea of fairness," which is "not a principle designed to convert into a constitutional dilemma the practical difficulties" of drafting school policies. *Id.* (quoting *Colten v. Kentucky*, 407 U.S. 104, 110 (1972)) (citation modified). Under that framework, the Sixth Circuit has upheld student discipline imposed under standards as general as "gross misbehavior." *Id.* A board's code of ethics for its own elected members cannot sensibly be held to a stricter drafting standard than the discipline codes the Sixth Circuit upholds for students and teachers. See also *Fowler v. Bd. of Educ. of Lincoln Cnty.*, 819 F.2d 657, 665–66 (6th Cir. 1987) (finding a statute proscribing "conduct unbecoming a teacher" was not unconstitutionally vague).

**b. *Plaintiff Had Fair Notice — Indeed, Actual Notice — and Her Conduct Falls at the Provision's Core.***

"[One] who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others." *Hoffman Estates*, 455 U.S. at 495. Whatever uncertainty may lurk at the margins of "information that has not already been shared by the District," none lurks here: Plaintiff received a nonpublic briefing packet at a private meeting, was expressly asked not to discuss the millage plan publicly, announced that she would do so anyway, and published — acknowledging the confidentiality request in the op-ed itself. (ECF No. 1-1, PageID.9 ¶¶ 14–21; id., Ex. C, PageID.38–40). The complete bylaw supplied the standard she needed: members "will receive information that is not available to the general public" and are to obtain "the

prior authorization of the Board" before sharing it, unless disclosure "may be required by law." (ECF No. 16-2, PageID.249). A member on actual, personal notice that a specific disclosure was unauthorized cannot claim the rule failed to warn her — and her as-applied clarity forecloses her facial vagueness attack. *Hoffman Estates*, 455 U.S. at 495.

#### *c. There Is No "Unfettered Enforcement Discretion" Where the Only Enforcer Is a Majority of Elected Peers Acting in Public.*

The second vagueness concern — "subjective and discriminatory application by delegating to those empowered to enforce" the rule "unfettered discretion," *Twp. of Plymouth v. Hancock*, 236 Mich. App. 197, 200 (1999) — targets standardless enforcement by police officers and administrators wielding coercive power over citizens. *Kolender*, 461 U.S. at 358–61. Policies fail this prong when they vest virtually unbridled discretion in the administrators charged with their enforcement, inviting subjective and non-uniform application. Bylaw 1001 delegates nothing to any enforcement officer. Its only mechanism is a resolution adopted by majority vote of the Board itself, at a public meeting, on the record, by officials answerable to the electorate for every such vote — the mechanism deliberative bodies have used "since colonial times." *Wilson*, 595 U.S. at 476. That is not unfettered discretion; it is the political accountability the Constitution prescribes for disputes among elected officials. If a majority wields the censure power foolishly or vindictively, "the ballot box," not the void-for-vagueness doctrine, is the appropriate check. See *Aquilina v. Wrigglesworth*, 298 F. Supp. 3d 1110, 1116 (W.D. Mich.), *aff'd sub nom. Aquilina v. Wriggelsworth*, 759 F. App'x 340 (6th Cir. 2018). And here

the record shows the check in operation: Plaintiff's censure was debated and adopted in open session, with Plaintiff herself participating and voting. (ECF No. 16-3, PageID.258: Nov. 10, 2025 Minutes § 9.6).

## IV. Plaintiff's Public-Policy and Ultra Vires Arguments Fail for the Reasons Stated in Defendants' Motion.

Plaintiff's remaining arguments (Motion §§ D–E) restate Counts III and IV and fail for the reasons set out in Defendants' opening brief (ECF No. 16, PageID.242–244), which Defendants incorporate. MCL 380.11a(3) and (6) authorize bylaws addressing "any other matter related to effective and efficient functioning of the board"; this Court has already observed that the statute "plainly authorizes school boards to adopt bylaws" (ECF No. 14, PageID.165–166); Michigan public policy affirmatively recognizes board confidentiality, MCL 15.267(2), 15.268; FOIA regulates records requests to the District, not the speech of individual members, and nothing in the bylaw purports to override any citizen's FOIA rights; and any public-policy tort is barred by governmental immunity, MCL 691.1407(1).

Importantly, the Revised School Code creates no private right of action, and Michigan courts will not imply one: where the Legislature intends private enforcement, "one would expect more clarity in the statute," especially where private rights of action are expressly created elsewhere in the same scheme. *Dobronski v. Transamerica Life Ins. Co.*, 347 Mich. App. 92, 113–14 (2023) (citation modified). Additionally, a statute is violated by action that contravenes its express terms — not by action the statute does

not specifically mention. Plaintiff does not allege that the Board contravened any express provision of MCL 380.11a; she alleges only that the statute does not specifically mention confidentiality designations. On the statute's plain "implied or incident" and "incidental or appropriate" text, that is authorization, not violation. MCL 380.11a(3).

## CONCLUSION

Plaintiff's motion asks this Court to apply the law of licensing schemes and citizen-speech regulation to a deliberative body's code of ethics for its own members — without ever citing the cases that govern that question. The Court should deny Plaintiff's Motion for Judgment on the Pleadings and grant Defendants' motion, dismissing the Complaint in its entirety.

s/LINDSAY P. HAZEN
GIARMARCO, MULLINS & HORTON, PC
Attorney for Defendants

DATED: August 13, 2026

**CERTIFICATE OF ELECTRONIC SERVICE**

LINDSAY P. HAZEN states that on August 13, 2026, she did serve a copy of **Defendants' Response to Plaintiff's Motion for Judgment on the Pleadings** via the United States District Court electronic transmission on the aforementioned date.

s/LINDSAY P. HAZEN
GIARMARCO, MULLINS & HORTON, PC
Attorney for Defendant
101 W. Big Beaver Road, 10th Floor
Troy, MI 48084-5280
(248) 457-7047
lhazen@gmhlaw.com
P85861