UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CAROL BETH LITKOUHI,

Plaintiff,

v.

ROCHESTER COMMUNITY SCHOOL DISTRICT, *et al*,

Defendants.

______________________________________/

Case No. 2:26-cv-10552-SKD-DRG

Honorable Susan K. DeClercq
Magistrate Judge David R. Grand

DERK A. WILCOX (P66177)
PATRICK J. WRIGHT (P54052)
MACKINAC CENTER LEGAL FOUNDATION
*Attorneys for Plaintiff*
140 West Main Street
Midland, MI 48640
(989) 631-0900
wilcox@mackinac.org

KENNETH B. CHAPIE (P66148)
LINDSAY P. HAZEN (P85861)
GIARMARCO, MULLINS & HORTON, P.C.
*Attorneys for Defendants*
101 W. Big Beaver Road, 10th Floor
Troy, MI 48084-5280
(248) 457-7048
kchapie@gmhlaw.com
lhazen@gmhlaw.com

**PLAINTIFF'S REPLY
TO DEFENDANTS' RESPONSE
TO PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS**

# TABLE OF CONTENTS

TABLE OF CONTENTS ........................................................................ ii

INDEX OF AUTHORITIES ................................................................... iii

1. Defendants misinterpret the standard for a 12(c) motion. ..............................1

2. Plaintiff's motion for judgment on the pleadings is a facial challenge. ..........1

3. *Nevada Commission on Ethics v Carrigan* is inapplicable. ...........................2

4. Strict scrutiny applies, not the lesser scrutiny for employees in *Pickering/Garcetti*. ..........................................................................3

## INDEX OF AUTHORITIES

**Cases**

*Agostini v. Felton*, 521 U.S. 203 (1997). ....................................................................7

*Aquilina v. Wrigglesworth*, 298 F.Supp.3d 1110 (W.D. Mich. 2018) ........................6

*Aquilina v. Wrigglesworth*, 759 F.App'x 340 (6th Cir. 2018)..................................6

*Bond v. Floyd*, 385 U.S. 116 (1966)..........................................................................4

*Garcetti v. Ceballos*, 547 U.S. 410 (2006).............................................. 3, 4, 5, 6

*Hogan v. Twp. of Haddon*, 2006 WL 3490353 (D.N.J. 2006), *aff'd*, 278 F. App'x 98 (3rd Cir. 2008) ...............................................................................................5

*Jenevein v. Willing*, 493 F.3d 551 (5th Cir. 2007)....................................................7

*JPMorgan Chase Bank, N.A., v. Winget*, 510 F.3d 577 (6th Cir. 2007)....................1

*Mays v. City of Flint*, 2024 WL 4610769 (W.D. Mich. 2024) ..................................5

*Nevada Commission on Ethics v. Carrigan*, 564 U.S. 117 (2011) .................. 1, 2, 3

*Phelan v. Laramie Cnty. Cmty. Coll. Bd. of Tr.*, 235 F.3d 1243 (10th Cir. 2000) ......5

*Pickering v. Bd. of Educ. of Twp. High School Dist. 205*, 391 U.S. 563 (1968) . 3, 4, 6

*Siefert v. Alexander*, 608 F.3d 974 (7th Cir. 2010), .................................................5

*Werkheiser v. Pocono Twp.*, 780 F.3d 172 (3rd Cir. 2015) .......................................5

*Wood v. Georgia*, 370 U.S. 375 (1962) ......................................................................4

*Zerla v. Stark County, Ill.*, 2019 WL 3400622 (C.D. Ill. July 29, 2019) ..................5

**1. Defendants misinterpret the standard for a 12(c) motion.**

Defendants state that, for a 12(c) motion, their answers must be accepted as true. While this is true of their denials on factual matters, it is not true of questions of law. Defendants' denial that the information was nonconfidential is a legal conclusion not entitled to deference or a presumption of validity. "[A]ll well-pleaded material allegations of the pleadings of the opposing party must be taken as true… But we 'need not accept as true legal conclusions or unwarranted factual inferences.'" *JPMorgan Chase Bank, N.A., v. Winget*, 510 F.3d 577, 581-2 (6th Cir. 2007) (internal citations omitted). Michigan law determines what a public body may designate as confidential. (Plaintiff's Response, ECF No. 20, PageID. 376-82). The wishes of a District employee that information regarding a proposed millage increase be kept confidential do not bind Plaintiff, the Board, or this Court—that determination is a legal conclusion, not an issue of fact.

**2. Plaintiff's motion for judgment on the pleadings is a facial challenge.**

Despite clearly bringing and arguing her motion as a facial challenge (leaving as-applied challenges until after discovery) (ECF No. 15, PageID. 179, 189, 190, 192-3, 194-5, 201-2), Defendants treat Plaintiff's motion as an as-applied challenge: "Plaintiff identifies not one actual instance…" (ECF No. 19, PageID. 356) (see also ECF No. 19, PageID. 359-60). This is not a requirement to prevail on a facial challenge to a regulation or law, as here.

3. ***Nevada Commission on Ethics v Carrigan* is inapplicable.**

Defendants maintain that a public body's internal discipline rules trump free-speech rights and that *Nevada Commission on Ethics v. Carrigan*, 564 U.S. 117 (2011) controls. (ECF No. 19, PageID. 1, 3). This is incorrect. The Supreme Court in *Carrigan* held that a public body's decision to deny a state legislator the right to vote and engage in floor debates did not constitute a First Amendment violation because there is no First Amendment right to vote in a legislative body. The Court based its decision on the fact that the restrictions on the state legislator did not involve protected speech, stating "[T]he [First] Amendment has no application when what is restricted is not protected speech." *Id.* at 121. The high court said that legislators casting votes in an assembly is not protected speech—the reason being that voting in assembly is not considered "expressive" speech. *Id*. at 125-6.

This is unlike Plaintiff's claims. Plaintiff has pled and argued that the Bylaw facially restricts her speech on public matters with the public and her constituents, not in internal proceedings of the Board. (ECF No. 15, PageID. 181-9). *Carrigan* considered this distinction a "preliminary detail," *Id*. at 121, that had to be decided at the outset. The *Carrigan* Court reviewed the ethics laws and found that it only restricted Carrigan's floor speech during the legislative debate—if he could not vote, he could not advocate in the floor debate. *Id*. This restriction of floor debate to only those who could vote was viewed as a "reasonable time, place, and manner

limitation," *Id*. at 121-2, which Defendants attempt to adopt to this case. But the *Carrigan* court found that the portion banning him from advocating only applied to the floor debate, not to advocating publicly, and so was tied to the floor debate rules. "The challenged law not only prohibits the legislator who has a conflict from voting on the proposal in question, but also forbids him to 'advocate the passage or failure' of the proposal—***evidently meaning advocating its passage or failure during the legislative debate***." *Id*. at 121 (emphasis added). If the ethics rule had restrained his communication with the public, as the Bylaw here does, it would have been an entirely different question.

While it is true that Plaintiff has pled and argued that her removal from liaison roles and committees was a retaliatory injury for her exercising her free-speech rights, she has not argued that this retaliatory removal deprived her of a free-speech right *per se*. The punitive action itself need not rise to the level of a constitutional violation to nevertheless be an impermissible retaliation for exercising a constitutional right. There is no constitutional right to public employment as a teacher, but the teacher's firing in *Pickering v. Bd. of Educ. of Twp. High School Dist. 205*, 391 U.S. 563 (1968) was still impermissible retaliation for his protected speech. "[A] teacher's exercise of his right to speak on issues of public importance may not furnish the basis for his dismissal from public employment." *Id*. at 574.

**4. Strict scrutiny applies, not the lesser scrutiny for employees in *Pickering/Garcetti*.**

Defendants argue that Plaintiff is entitled to a lesser standard than public employees because she is an elected official. (ECF No. 19, PageID. 353). This is incorrect as a matter of law and was explicitly rejected in *Wood v. Georgia*, 370 U.S. 375 (1962). "The petitioner was an elected official and had the right to enter the field of political controversy, particularly where his political life was at stake. The role that elected officials play in our society makes it all the more imperative that they be allowed freely to express themselves on matters of current public importance." *Id*. at 394-5 (cleaned up). This was also the holding of *Bond v. Floyd*, 385 U.S. 116 (1966) which also applied strict scrutiny:

> The interest of the public in hearing all sides of a public issue is hardly advanced by extending more protection to citizen-critics than to legislators. Legislators have an obligation to take positions on controversial political questions so that their constituents can be fully informed by them, and be better able to assess their qualifications for office; also so they may be represented in governmental debates by the person they have elected to represent them.

*Id*. at 136.

*Pickering*, supra, and *Garcetti v. Ceballos*, 547 U.S. 410 (2006) added a new wrinkle that the Supreme Court applied only to government *employees*. When an employee is speaking in her position as a public employee, the analysis changes because her job requires her to speak to the public in a way approved by the government. Take a hypothetical situation where a Department of Motor Vehicles employee told people coming to the DMV that they didn't need to register their

vehicles because they were 'sovereign citizens.' Obviously, this is impermissible as she is not fulfilling her job duties. For this reason, public employees have a *lesser* balancing-test standard of scrutiny that is not applicable here.

> When an ***employee*** speaks as a citizen addressing a matter of public concern, the First Amendment requires a delicate balancing of the competing interests surrounding the speech and its consequences. When, however, the ***employee*** is simply performing his or her job duties, there is no warrant for a similar degree of scrutiny.

*Garcetti*, 547 U.S. at 423 (emphasis added).

Some circuits have applied the *Pickering/Garcetti* standard to elected officials, but the Sixth Circuit is not one of them. This debate was recently addressed in *Mays v. City of Flint*, 2024 WL 4610769 (W.D. Mich. 2024), which noted that "The Sixth Circuit has not decided whether the *Pickering* test applies to the speech of legislators." *Id*. at *4. *Mays* surveyed the federal circuits and described their different applications of the elected officials-employees distinction. *Mays*, 2024 WL 4610769 at *4. Space does not allow a thorough citation to *Mays*' discussion, but of the various cases cited, *Zerla v. Stark Cnty., Ill.*, 2019 WL 3400622 (C.D. Ill. 2019), *Werkheiser v. Pocono Twp.*, 780 F.3d 172 (3rd Cir. 2015), *Hogan v. Twp. of Haddon*, 2006 WL 3490353 (D.N.J. 2006), *aff'd*, 278 F. App'x 98 (3d Cir. 2008), *Phelan v. Laramie Cnty. Cmty. Coll. Bd. of Tr.*, 235 F.3d 1243 (10th Cir. 2000), and *Siefert v. Alexander*, 608 F.3d 974 (7th Cir. 2010), all involve retaliation cases, not facial challenges to a law or regulation as in this motion. *Id*.

Note that *Aquilina v. Wrigglesworth*, 298 F.Supp.3d 1110 (W.D. Mich. 2018) *aff'd sub nom.*, *Aquilina v. Wrigglesworth*, 759 F.App'x 340 (6th Cir. 2018) states that the "same basic analysis still applies" *Aquilina*, 298 F.Supp.3d, at 1115, to both public employees and elected representatives. But neither opinion is referring to the strict scrutiny standard versus a lesser standard of *Pickering/Garcetti*. They are referring to the analysis of whether the public employee who was retaliated against was speaking as a private citizen on a matter of public importance—not what level of scrutiny should apply in a facial challenge. That analysis is the threshold requirement in First Amendment retaliation cases, not facial First Amendment violation claims. *Id*. *Mays*, supra, also recognized this distinction, noting that the *Aquilina* cases only used the *Pickering/Garcetti* standard to determine that specific analysis. *Mays*, 2024 WL 4610769 at *4. Plaintiff has briefed the speaking-as-a-private-citizen-on-public-matters analysis defending her retaliation claim (ECF No. 20, PageID. 370-84) and incorporates that here.

The circuits which refuse to apply a *Pickering/Garcetti* standard to elected officials have the better argument with respect to scrutiny. First, the logic that dictated the control over employees in *Pickering* and *Garcetti* does not apply to elected officials. Elected officials' communications in public debates are not controlled by the government. Second, *Pickering* (1968) and *Garcetti* (2006) were decided after *Wood* (1962) and *Bond* (1966) which applied strict scrutiny, yet neither

*Pickering* nor *Garcetti* states that they were either overruling or modifying *Wood* or *Bond* as they surely would if that was the intent. The Supreme Court does not overrule or modify itself by implication.

> We do not acknowledge, and we do not hold, that other courts should conclude our more recent cases have, by implication, overruled an earlier precedent. We reaffirm that "[i]f a precedent of this Court has direct application in a case, yet appears to rest on reasons rejected in some other line of decisions, the Court of Appeals should follow the case which directly controls, leaving to this Court the prerogative of overruling its own decisions."

*Agostini v. Felton*, 521 U.S. 203, 237 (1997). *Wood* and *Bond* directly control.

The Fifth Circuit has the most persuasive analysis:

> The parties hang their arguments on employee-speech doctrine, applying this court's content-form-context balancing test. Although this approach summons informing principles of free speech of employees, their categorical divisions of public and private speech fail to illuminate the state's interest in constraining speech by an elected public official, political speech at the core of the First Amendment, and its necessity. Our "employee" is an elected official, about whom the public is obliged to inform itself, and the "employer" is the public itself, at least in the practical sense, with the power to hire and fire…. We are persuaded that the preferable course ought not draw directly upon the *Pickering–Garcetti* line of cases for sorting the free speech rights of employees elected to state office. Rather, we turn to strict scrutiny of the government's regulation of the elected official's speech to his constituency, requiring such regulations to be narrowly tailored to address a compelling government interest…

*Jenevein v. Willing*, 493 F.3d 551, 557-8 (5th Cir. 2007).

Dated: August 24, 2026 By: /s/ Derk A. Wilcox
Mackinac Center Legal Foundation
*Attorneys for Plaintiff*