UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CAROL BETH LITKOUHI,

Plaintiff,

Judge Susan K. DeClercq
Magistrate Judge David R. Grand

v

No. 26-10552

ROCHESTER COMMUNITY SCHOOLS DISTRICT, MICHELLE BUELTEL, JESSICA GUPTA, JULIE ALSPACH, JAYSON BLAKE, and BARB ANNESS,

Defendants.
_______________________________________/

DERK A. WILCOX (P66177)
MACKINAC CENTER LEGAL FOUNDATION
*Attorney for Plaintiff*
140 West Main Street
Midland, MI 48640
(989) 631-0900
wilcox@mackinac.org

KENNETH B. CHAPIE (P66148)
LINDSAY P. HAZEN (P85861)
GIARMARCO, MULLINS & HORTON, P.C.
*Attorneys for Defendants*
101 W. Big Beaver Road, 10th Floor
Troy, MI 48084-5280
(248) 457-7048
kchapie@gmhlaw.com
lhazen@gmhlaw.com

---

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR JUDGMENT ON THE PLEADINGS (ECF NO. 16)**

Start with what Plaintiff's Response (ECF No. 20) does not dispute. Plaintiff does not dispute that she retains her seat, her vote, her voice at every Board meeting, and her access to her constituents. She does not dispute the public minutes showing that, since the censure, she has attended every meeting, made motions, cast dissents, spoken in public comment, and run for Board President. (ECF No. 16-3). And she does not dispute that the censure resolution's only non-verbal component is a one-year reassignment of advisory committee and liaison roles. What remains is a legal theory that shrinks with each filing: that the temporary loss of appointive committee seats — positions allocated at the Board President's discretion, capped at three members, and empowered only "to gather information for the Board" (ECF No. 16-2, PageID.249) — converts her colleagues' protected counter-speech into a constitutional tort. It does not, and none of the Response's new arguments changes that conclusion.

## I. THE BYLAW'S "PRIVATE ACTION" CLAUSE AND THE CAMPAIGN FINANCE ACT DO NOT ANSWER THE *GARCETTI* QUESTION.

Plaintiff leads with wordplay: because the Code of Ethics addresses "private action," the Board supposedly conceded her op-ed was private-citizen speech. (ECF No. 20, PageID.372). But constitutional capacity is not fixed by a bylaw's vocabulary — it is a question of law resolved by the content, audience, setting, and impetus of the speech. See *Weisbarth v. Geauga Park Dist.*, 499 F.3d 538, 546 (6th Cir. 2007). In the bylaw, "private action that might compromise the Board" describes unilateral conduct outside the Board's collective processes — exactly what *Nevada Commission on Ethics v.*

*Carrigan* teaches a body may regulate, because official power "is not personal" to the member. 564 U.S. 117, 125–26 (2011). On the *Weisbarth* factors, nothing has changed: the op-ed's content came from a nonpublic briefing Plaintiff received because she is a trustee; she wrote about "Rochester (where I serve on the board)"; and her stated impetus was to "hear from my constituents" — the vocabulary of office, not private life. (ECF No. 1-1, Ex. C, PageID.38–40). The Campaign Finance Act adds nothing: MCL 169.257 restricts the use of public *resources* for ballot-question advocacy; it does not define First Amendment capacity, and compliance with a spending statute does not transform official conduct into citizen speech.

Plaintiff's lengthy Freedom of Information Act ("FOIA") and Open Meetings Act ("OMA") discussion (ECF No. 20, PageID.377–383) misses the same mark. Whether the briefing materials could ultimately have been obtained through a FOIA request directed to the District says nothing about the capacity in which Plaintiff acted when she bypassed that process and published the contents of a private briefing she attended as a trustee. *Lane v. Franks*, 573 U.S. 228, 240 (2014), holds that speech about information "learned" in public service may retain protection; it does not hold that a trustee's disclosure of a briefing she received in confidence, over an express request, is citizen speech. And in all events, this dispute is one the Court need not resolve: as Defendants' motion shows, the retaliation claim fails independently at the adverse-action, chill, and causation elements — **none of which** turns on whether the information was "legally confidential." (ECF No. 16, PageID.224–235).

Plaintiff's pages distinguishing *Aquilina* rest on a test *Aquilina* never used. (ECF No. 20, PageID.383–385). Neither the district court nor the Sixth Circuit asked whether the courtroom video was exempt from FOIA; they asked whether the release fell within the scope of the speaker's official responsibilities and whether she "had access to the video only by virtue of her official position." *Aquilina v. Wrigglesworth*, 298 F. Supp. 3d 1110, 1115 (W.D. Mich. 2018), aff'd, 759 F. App'x 340 (6th Cir. 2018). On that question, Plaintiff and Judge Aquilina stand on identical footing: each received the material through her office — here, at a private briefing Plaintiff attended because she is a trustee, where she was handed the packet and asked to keep the plan confidential (ECF No. 1-1, PageID.9 ¶¶ 14–17) — and each took it to the press.

Nor does another district's public discussion of a countywide proposal make the District's own briefing, deliberations, and the Superintendent's request "public": the op-ed's content was the private briefing itself. And whether the District's records might later have been obtainable through a FOIA request is beside the point — a record is produced under FOIA by the public body, which evaluates exemptions and responds through the statutory process, MCL 15.235, and FOIA imposes duties on the District; it does not deputize each Board member to act as her own FOIA coordinator.

## II. *WILSON* WAS DESCRIBED ACCURATELY, AND AN EXPRESSLY RESERVED QUESTION CANNOT CARRY PLAINTIFF'S BURDEN.

Plaintiff accuses Defendants of "mislead[ing] the Court" about *Wilson*, 595 U.S. 468 (2022). (ECF No. 20, PageID.387). Defendants cited *Wilson*'s own factual recitation

— the board there also barred officer eligibility and restricted travel and funds, 595 U.S. at 472 — and Defendants' briefs have repeatedly acknowledged that the Court decided only the verbal censure and reserved "censures accompanied by punishments." *Id.* at 480; see (ECF No. 16, PageID.227). The reservation is the point: an expressly open question cannot establish Plaintiff's entitlement to judgment, and in the years since *Wilson*, the courts to address censure-plus-committee-removal have uniformly found no adverse action. (ECF No. 16, PageID.228–230 (collecting cases)). Plaintiff's effort to align herself with *Bond v. Floyd*, 385 U.S. 116 (1966), fails on *Wilson*'s own terms: the Court distinguished *Bond* because it involved "exclusion from office" and "implicated the franchise" of constituents. 595 U.S. at 481. Plaintiff was excluded from nothing her election conferred. Her constituents retain their trustee — attending, voting, moving, dissenting, and speaking at every meeting. (ECF No. 16-3).

Plaintiff's fallback — that "[d]iscovery may show" committees exercise functions beyond gathering information (ECF No. 20, PageID.389) — concedes the pleadings do not plead it. That concession is fatal twice over: on Defendants' motion, the bylaw's text controls what committees are, and on Plaintiff's own cross-motion she insists the pleadings suffice for judgment. A party may not simultaneously demand judgment on the pleadings and discovery to find an injury the pleadings do not allege.

## III. THE OBJECTIVE-CHILL STANDARD IS COMMON GROUND — AND PLAINTIFF FAILS IT.

Defendants agree, and have always said, that the adverse-action inquiry is

objective. (ECF No. 16, PageID.225). *Bell v. Johnson*, 308 F.3d 594, 606 (6th Cir. 2002), and *Kesterson v. Kent State University*, 967 F.3d 519, 525–26 (6th Cir. 2020), hold that a plaintiff's persistence is not *dispositive*; nevertheless the Sixth Circuit has equally held that it is *evidence*: a no-chill conclusion is "supported by the fact that [the plaintiff] was not deterred." *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 585 (6th Cir. 2012); accord *Hernden v. Chippewa Valley Sch. Dist.*, No. 24-1842, 2025 WL 2652993, at *6–7 (6th Cir. Sept. 16, 2025). And for elected officials the objective bar sits higher: they are "expected to shoulder" criticism "and to continue exercising their free speech rights when the criticism comes." *Wilson*, 595 U.S. at 478. Nor is the bylaw "regulatory, proscriptive, or compulsory" in *Laird v. Tatum*'s sense, 408 U.S. 1, 11 (1972). It compels nothing and the only consequence it has ever produced is the Board's own speech. Plaintiff's reliance on *Novak v. City of Parma*, 932 F.3d 421 (6th Cir. 2019), confirms the gap. *Novak*'s "informal" prior-restraint discussion addresses government directives backed by the threat of state coercion — there, police orders to a citizen amid a criminal prosecution, drawing on *Bantam Books, Inc. v. Sullivan*, 372 U.S. 58, 67–70 (1963) — informal threats of prosecution. 932 F.3d at 433. A code-of-ethics pledge enforceable only by peer disapproval carries no such apparatus, and *Novak* itself holds that measures imposed after speech — "like a punishment for disfavored speech" — are "not a prior restraint." *Id.* at 432.

## IV. THE REMAINING ARGUMENTS CONFIRM DISMISSAL.

***Monell.*** Plaintiff's only answer is that the bylaw is a policy. Defendants agree —

which is why the District's liability rises and falls with the merits, and the merits fail: no underlying violation, no *Monell* claim. See *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691–94 (1978); ECF No. 16, PageID.240–242.

***Count IV.*** Plaintiff clarifies that Count IV seeks no damages. (ECF No. 20, PageID.398). That narrows the case: a purely equitable request to void the bylaw as against "public policy" rises and falls with Counts I through III, and it fails with them — the Revised School Code authorizes the bylaw, and Michigan's statutes affirmatively contemplate board confidentiality. (ECF No. 16, PageID.242–244).

***Leave to amend.*** Plaintiff's closing request to amend, embedded in a response brief without a motion, a proposed pleading, or any identification of what she would add, is procedurally improper and substantively futile. No amendment can change the text of the bylaw, the text of the censure resolution, or the holdings of *Wilson* and *Carrigan*. See *La. Sch. Emps.' Ret. Sys. v. Ernst & Young, LLP*, 622 F.3d 471, 486 (6th Cir. 2010) ("a bare request in an opposition to a motion to dismiss" is not a motion to amend).

## CONCLUSION

For these reasons and those stated in Defendants' motion (ECF No. 16) and response (ECF No. 19), the Court should grant judgment on the pleadings and dismiss the Complaint in its entirety, with prejudice.

Dated: August 31, 2026

/s/KENNETH B. CHAPIE
GIARMARCO, MULLINS & HORTON, PC

## CERTIFICATE OF ELECTRONIC SERVICE

KENNETH B. CHAPIE states that on August 31, 2026 he did serve a copy of **DEFENDANTS REPLY IN SUPPORT OF THEIR MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FEDERAL RULE OF CIVIL PROCUDURE 12(C)** via the United States District Court electronic transmission.

/s/KENNETH B. CHAPIE
GIARMARCO, MULLINS & HORTON, PC
Attorney for Defendants
101 W. Big Beaver Road, 10th Floor
Troy, MI 48084-5280
(248) 457-7048
kchapie@gmhlaw.com
P66148